ASHBY, J.
I respectfully dissent.
Defendant was charged in a complaint dated September 7, 1976, with a violation of Penal Code section 653m in that he did on or about August 26, 1976, “wilfully and unlawfully with intent to annoy, telephone Richard P. Rodman ... and address to such person a threat to inflict injury to his person... .”
At the pretrial conference in municipal court it was stipulated that “if the case was tried the evidence would substantially prove that the defendant called the complaining witness on the telephone. The complaining witness was not in his office and the defendant left a message for the complaining witness to return his call. The complaining witness returned the defendant’s call at which time the defendant used language which would constitute a violation of Section 653 (m) of the Penal Code.”
The trial court dismissed the complaint on the ground that although defendant had called the victim and requested that he call defendant, defendant did not personally place the call in which the prohibited language was used.
*889 The interpretation placed upon Penal Code section 653m by the trial court and the majority of this court does not appear to me to be “patently correct” as overstated by the majority. On the contrary, their interpretation of section 653m leads to an absurd result. The instant case does not involve a situation where the victim initiated a call to defendant and was subjected to language in violation of section 653m. Here defendant called the victim and when he fortuitously was unavailable requested the return call and then subjected him to the prohibited language in response to that call. Defendant used the prohibited language. The victim received the message defendant apparently intended to give him when defendant originally made his call and solicited the return call. It is clear that the Legislature intended to deter persons from telephoning other persons and making threats. It is not reasonable to so literally construe the language expressing that intent that the result is reached that a caller who threatens his intended victim on the originating phone call is in violation of section 653m but one who leaves word to be called and then makes his threats when the call is returned is not in violation. In People v. Barksdale, 8 Cal.3d 320 [105 Cal.Rptr. 1, 503 P.2d 257], the Supreme Court held at page 334: “ ‘It is a settled principle of statutory interpretation that language of a statute should not be given a literal meaning if doing so would result in absurd consequences which the Legislature did not intend. [Citations.]’ ” The court said further in People v. Carroll, 1 Cal.3d 581, 584 [83 Cal.Rptr. 176, 463 P.2d 400]: “In considering the words of a statute, an appellate court is required to read the statute in the light of the objective sought to be achieved by it; as well as the evil sought to be averted.”
A defendant is not relieved of culpability under section 653m because the victim’s unavailability when defendant called results in his being subjected to the language prohibited by section 653m during the return call.
I would reverse the order of dismissal and permit the matter to be tried to determine whether all the elements necessary to satisfy the statute can be proved.